Ray LOTFI, Appellant,

v.

Audburgh D. WILLIAMS, Individually and as Trustee, Appellee.

No. 01–99–01429–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 4, 2000.

Rehearing Overruled June 2, 2000.

John W. Donovan, Houston, for appellant.

Tandra Janene Charles, Houston, for appellee.

Panel consists of Justices COHEN, HEDGES, and ANDELL.

## OPINION

ADELE HEDGES, Justice.

Appellant, Ray Lotfi, sued appellee, Audburgh D. Williams, individually and as trustee, for tortious interference with an earnest money contract. The jury found Williams liable and awarded damages of $1,000. The trial court rendered judgment on the verdict. Williams does not appeal the finding of liability. Lotfi appeals the damages portion of the judgment. We affirm.

### Facts

On October 17, 1995, Ray Lotfi (Buyer # 1) and Tamara Green (Seller) entered into an earnest money contract for a piece of real property. The contract provided that Buyer # 1 would pay $40,000 at closing, which would take place a month later on November 17, 1995. On November 2, 1995, Buyer # 1 filed the contract in the Harris County Deed records. Buyer's # 1's incidental expenses for preparation of the loan and closing documents were $360.

On November 13, 1999, four days before Buyer # 1's closing date, Seller sold the property to appellee, Audburgh D. Williams (Buyer # 2), for a higher price of $65,000. This case is not about Buyer # 1 suing Seller for breach of contract. In this case, Buyer # 1 sued Buyer # 2 for tortious interference with the existing earnest money contract between Buyer # 1 and Seller. A jury found that Buyer # 2 intentionally interfered with the earnest money contract, acting without malice. Buyer # 2 does not appeal that finding of liability.

The jury awarded Buyer # 1 damages of $1,000. Buyer # 1 moved to disregard the jury findings, arguing that he conclusively proved his damages were $25,360 and that the trial court should have rendered judgment for that amount. The trial court denied the motion and rendered judgment on the verdict. Buyer # 1 appeals the damages portion of the judgment and seeks rendition of the judgment for $25,-360 in damages.

### Damages for Tortious Interference

In two points of error, Buyer # 1 contends that: (1) the jury's award of $1,000 has no support in the evidence, is contrary to the conclusive evidence, and against the great weight and the preponderance of the evidence and (2) the trial court erred in denying his motion to disregard the jury findings.

The court's charge asked the jury to consider the following elements of damages, if any, and none other:

a. The difference in value that [Buyer # 1] agreed to purchase the property from [Seller] and the value for which it sold; *and/or*

b. Reasonable and necessary costs and expenses incurred by [Buyer # 1] in performing the Earnest Money Contract dated October 17, 1995.

(Emphasis added).

It is important to note that the charge stated "and/or" between the two elements of damages. As written, the jury had the option to award either the first element only, or the second element only, or both.

Buyer # 1 contends that the evidence conclusively established that his damages were $25,360, which is comprised of: (1) the difference between the value that he

agreed to purchase the property and the value for which it sold to Buyer #2 ($65,000—$40,000 = $25,000) plus (2) his incidental expenses of $360.

Buyer #1 did not object to the "and/or" language in the charge. Nor did he request that the charge strike the "or" language, which would have forced the jury to award both elements of damages. Thus, he has waived any error. Tex.R.App. P. 33.1(a). Accordingly, we do not decide if the "and/or" language in the charge was proper.

By the $1,000 verdict, it appears that the jury used the "or" instruction to award the second element of damages—the reasonable and necessary costs and expenses incurred by Buyer #1 in performing the earnest money contract. However, Buyer's #1's incidental expenses for preparation of the loan and closing documents were $360.

Although Buyer #1's point of error states that the $1,000 award was not supported by the evidence, he does not assert that $360 should have been the proper amount of reasonable and necessary costs and expenses. In other words, he does not request that his award be reduced from $1,000 to $360. Instead, he requests that his award be increased from $1,000 to $25,360.

Based on Buyer #1's relief requested, he asserts that the jury should have awarded both elements of damages for a total of $25,360. As set forth above, because Buyer #1 did not object to the charge, any error was waived.

We overrule points of error one and two.

## Conclusion

We affirm the judgment of the trial court.